# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **LEE WARREN** | **CIVIL ACTION NO. 3:10-cv-1454** |
|     **LA. DOC #460819** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **BURL CAIN, WARDEN, L.S.P.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Lee Warren filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 16, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola. Petitioner attacks his 2003 convictions for armed robbery and attempted second degree murder in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

Petitioner was charged via Bill of Indictment with armed robbery, attempted first degree murder and aggravated kidnaping in the matter lodged under Docket Number 02-F0432 of the Fourth Judicial District Court, Ouachita Parish. [Doc. #1-2, p. 6] On March 11, 2002 petitioner pled guilty to armed robbery and attempted second degree murder. [Doc. #4, pp. 15-25] On April 11, 2003 petitioner was sentenced to serve consecutive sentences of  fifty years at hard labor for the attempted second degree murder and sixty-five years at hard labor for the armed robbery. [Doc. #1, ¶1-5; Doc.

#4, pp. 26-39] Counsel for petitioner objected to the sentence and "... the articulation of the reasons for sentencing."[Doc. #1-2, p. 6; Doc. #4, p. 38]. On or about April 21, 2003, petitioner moved for reconsideration of sentence  and on March 9, 2006, the motion was denied after a hearing.[1]

Thereafter petitioner appealed raising a single assignment of error: "The trial court erred in conducting *Boykin* examination in determining that the plea of guilty was intelligently, knowingly, and voluntarily entered."[2] Petitioner  argued that the trial court failed to inform the petitioner of the minimum and maximum sentences for the offenses and failed to inform him that the sentences would be served without benefit of probation, parole, or suspension of sentence. On October 24, 2007, petitioner's conviction and sentence were affirmed by the Second Circuit Court of Appeals and Notice of Judgment issued on that same date.  *State of Louisiana v. Lee Roy Warren*, 42,699 (La.App. 2 Cir. 10/24/07), 968 So.2d 909; see also Notice of Judgment Doc. #4, p. 89; Slip Opinion, Doc. #4, pp. 90-96.

On some unspecified date petitioner filed an application for writ of *certiorari* in the Louisiana Supreme Court.[3] On May 16, 2008, his writ application was denied. *State of Louisiana v. Lee Roy Warren*, 2007-2485 (La. 5/16/2008), 980 So.2d 707. [See also Doc. #4, p. 86]

---

[1] Petitioner has not provided evidence of the motion or hearing, however, both dates are mentioned in the Notice of Appeal which was apparently filed by counsel sometime thereafter. [See Doc. #4, pp. 55-57]

[2] Petitioner did not provide a copy of his brief on appeal; however, the Second Circuit paraphrased the Assignment of Error as follows, "Defendant has appealed, asserting that his guilty plea should be set aside because the trial court failed to apprise him of the minimum and maximum sentences and/or that his sentences would be without benefit of parole, probation, or suspension." *State of Louisiana v. Lee Roy Warren*, 968 So.2d at 910.

[3] Petitioner was directed to provide a dated copy of his writ application on direct review; however, he failed to comply with this directive.

2

On October 26, 2006, petitioner filed a "Motion for Post-Conviction Relief" raising unspecified claims. On February 16, 2007, the District Court denied relief as follows, "The records of the Clerk of the Honorable Court show that the above-captioned defendant filed a Motion for Post Conviction Relief on October 26, 2006. This Court is unable to locate such a Motion. Further, the defendant's case is currently on appeal. Therefore, any Motion for Post Conviction Relief is premature." [Doc. #4, p. 83] Petitioner sought writs in the Second Circuit, and on April 12, 2007, the Second Circuit Court of Appeals granted writs and remanded the matter to the District Court stating, among other things, "The records of this court do not indicate that this 2002 guilty plea is on appeal..." *State of Louisiana v. Lee Roy Warren*, No. KH 07-42436 [Doc. #4, pp. 84-85] Thereafter, on June 27, 2007, the District Court again dismissed the "Motion for Post-Conviction Relief" for the reason that petitioner's appeal was still pending. [Doc. #4, pp. 53-54] It does not appear that petitioner sought review of this judgment.

On June 13, 2008, petitioner filed an Application for Post-Conviction Relief.  The District Court denied relief on August 11, 2008. [Doc. #4, pp. 51-52][4] Sometime thereafter, but apparently still in 2008, petitioner filed a writ application in the Second Circuit Court of Appeals seeking review of the denial of his June 13, 2008, application for post-conviction relief.  In that pleading, petitioner made no specific legal argument and simply requested the Court of Appeals "... to review

---

[4] Petitioner has provided an undated Memorandum in Support of Application for Post-Conviction Relief. However, it is uncertain whether this document was the application filed on June 13, 2008 or October 26, 2006. Nevertheless, the application argued three claims for relief: (1) petitioner complained that the judge did not inform him that his sentences would be imposed without benefit of parole; (2) the plea agreement provided that the State would forego prosecution of the petitioner as a second offender, when in fact, the instant offenses were petitioner's first felony convictions; and, (3) the judge failed to advise petitioner of the maximum sentences for the offenses of conviction. [Doc. #4, pp. 110-113]

3

the District Court's Ruling and the Attached Claims..." [Doc. #4, pp. 77-79] Petitioner apparently sought writs in the Second Circuit Court of Appeals on September 16, 2008; on some unspecified date that court denied writs and petitioner sought further review in the Louisiana Supreme Court. On October 2, 2009, the Supreme Court granted writs in part and remanded the matter to the Second Circuit as follows, "The appellate court order denying writs fails to demonstrate compliance with La. Const. art. V Section 8(B)[5]. Petitioner's application is therefore remanded to the Second Circuit Court of Appeal for consideration by a randomly selected panel of which a majority concurs in rendering judgment." *State of Louisiana ex rel. Lee Roy Warren v. State of Louisiana*, 2008-2732 (La. 10/2/2009), 18 So.3d 111. [See also Doc. #4, pp. 87-88] On October 15, 2009 the Second Circuit again denied writs as follows: "Because this is a repetitive claim fully litigated on appeal, the application was properly denied by the trial court. On appeal, the applicant raised the same claim and the court and the Louisiana Supreme Court denied relief. *State of Louisiana v. Warren*, 42,699 (La. App. 2d Cir. 10/24/07), 968 So.2d 909, writ denied, 2007-2485 (La. 5/16/08), 980 So.2d 707. This writ is denied." *State of Louisiana v. Lee Warren*, No. 44,026-KH. [Doc. #4, p. 99] It is unclear whether petitioner is presently seeking review of this judgment.

On some unspecified date in 2009, petitioner filed a Motion to Vacate and Correct an Illegal Sentence in the District Court.  In that pleading petitioner argued that (1) his conviction for armed robbery and attempted second degree murder violated double jeopardy; and, that (2) his sentences

---

[5] LSA-Const. Art. 5, §8(B) provides, "A majority of the judges sitting in a case must concur to render judgment. However, in civil matters only, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment."

4

were excessive. [Doc. #4, pp. 40-50 and 100-109][6] In November 2009, the District Court denied

relief, and thereafter, on November 15, 2009, petitioner filed a Notice of Intent to seek writs in the

Second Circuit and requested a return date to file his writ application in the Second Circuit.  On

December 4, 2009, the District Court directed him to file his writ application no later than January

27, 2010. [Doc. #4, pp.  114-118 and 143-145] Petitioner apparently filed his writ application in a

timely fashion. [Doc. #4, pp. 131-142]

On January 14, 2010, the Second Circuit denied writs and mailed Notice of Judgment to the

petitioner. In denying relief, the Court noted,

> The applicant, Lee Roy Warren, seeks review of the trial court's denial of his motion
> to correct an illegal sentence. The applicant's motion does not challenge the illegality
> of the sentences themselves under the applicable statutes. Although the applicant's
> motion is captioned as a motion to correct an illegal sentence, the substance of the
> pleading controls. [citations omitted]

> The applicant attempts to attack his underlying convictions and the excessiveness of
> his sentences. The applicant has failed to meet his burden of proving that the trial
> court erred in denying his double jeopardy claim. La. C.Cr.P. art. 930.2; *State v.
> Berry*, 430 So.2d 1005 (La. 1983). Further, the exclusive grounds for post-conviction
> relief, La. C.Cr.P. art. 930.3, do not include claims of excessive sentence or other
> sentencing errors. *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d
> 1172. Consequently, the writ is denied.  *State of Louisiana v. Lee Roy Warren*, No.
> 45,271-KH at Doc. #4, pp. 97-98.

On January 28, 2010, petitioner mailed an application for writs to the Louisiana Supreme

Court seeking review of the Second Circuit's judgment under Docket Number 45,271. [Doc. #4, pp.

80-81] Petitioner argued that the courts improperly denied his motion to correct illegal sentences on

the grounds of double jeopardy and excessiveness of sentence. [Doc. #4, pp. 119-130; 63-76] This

---

[6] The pleadings are not dated; however, the Certificate of Service indicates that petitioner
intended to file the pleading sometime in 2009. [Doc. #4, pp. 50 and 109]

matter is apparently still pending in the Louisiana Supreme Court at this time. [Doc. #1, ¶11][7]

Petitioner signed his federal writ of *habeas corpus* on September 7, 2010. [Doc. #1, p. 6]; he mailed it on September 15, 2010 [*Id.*, p. 7] and it was received and filed on September 16, 2010. Petitioner argues a single claim for relief, "... the trial court erred in conducting the *Boykin* examination and in determining that the tendered guilty plea was intelligently, knowingly, and voluntarily entered ... [because] the trial court is on the record as failing to advise the defendant-applicant of the minimum and maximum possible sentence exposure, or the possible sentence that could be had, or the sentence agreed on or to be imposed upon the acceptance of the plea... [and] in failing to advise the defendant that his sentence would be without benefit of parole, probation or suspension of sentence..." [Doc. #1-2, pp. 7-8; see also Doc. #4, p. 7]

### *Law and Analysis*

#### *1. Exhaustion of State Court Remedies*

Since petitioner contests the custody associated with the judgment of a State court his *habeas* petition is authorized by the provisions of 28 U.S.C. §2254 which also provides in pertinent part,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations

---

[7] Indeed, the published jurisprudence of the State of Louisiana reveals no writ judgments involving the petitioner in the year 2010.

of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th Cir.2007)(quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*, 474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir.2005). In Louisiana, the highest court is the Louisiana Supreme Court; therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who seeks to collaterally attack his Louisiana conviction must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

Petitioner argues a single claim for relief herein, both in his original petition [Doc. #1] and in his amended petition [Doc. #4, p. 5] He argued an identical claim in his direct appeal in the Second Circuit and the Louisiana Supreme Court. Therefore, it appears that petitioner has indeed exhausted available State court remedies with respect to this claim.

In this proceeding, petitioner has not argued the claims of double jeopardy and excessiveness of sentence which were raised in his Motion to Correct an Illegal Sentence and therefore, the fact that those claims remain pending in Louisiana's Supreme Court and are thus not yet exhausted, is of no moment. However, if petitioner intends to raise those claims once exhaustion has been completed, he should be aware of the provisions of 28 U.S.C. §2244 which prohibit, except in limited circumstances, the filing of second or successive petitions for *habeas corpus*.

## 2. Rule 4 Considerations

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that following examination of the pleadings by the court, "If it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." (See also *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), "The district court has the power under Rule 4 to examine and dismiss frivolous *habeas* petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.' 28 U.S.C. foll. § 2254 Rule 4 Advisory committee Notes.")

Petitioner claims that his plea was not voluntary because the trial judge did not articulate the maximum sentence exposure during the plea colloquy and did not advise petitioner that the sentence would be without possibility of parole. Petitioner has provided the transcript of the plea colloquy along with the Second Circuit Court of Appeals' opinion rejecting his claim. The record is thus sufficient to determine the merits of this claim.

### 3.  Standard of Review

Petitioner argued his *habeas corpus* claim concerning the voluntariness of his guilty plea in his direct appeal to the Second Circuit Court of Appeals and thereafter in the Louisiana Supreme Court.  The Court of Appeals considered the merits of the claim and rejected it, as did the Louisiana Supreme Court.[8]  Since this claim was adjudicated on the merits, this Court must utilize the deferential standards for review set forth in 28 U.S.C. § 2254(d)(1) and (2).  Under these provisions, *habeas* relief is not available to a state prisoner on a claim which was adjudicated on the merits in

---

[8] The Court of Appeals issued a reasoned opinion rejecting petitioner's claim. Thereafter, the  Supreme Court denied writs without comment.  When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991).

State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1) and (2).

Questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), while pure questions of fact are reviewed under § 2254(d)(2). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir.2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001, 149 L.Ed.2d 1004 (2001). The state court's decision is contrary to federal law within the meaning of § 2254(d)(1) if the state court applies a rule contradicting the governing law set forth in the Supreme Court's cases, or the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's factual findings constitute "an unreasonable application of clearly established" Supreme Court precedent if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. The inquiry into the issue of "unreasonableness" is objective. *Id.* at 409-10. A state court's <u>incorrect</u> application of clearly established Supreme Court precedent is not enough to warrant federal *habeas* relief – the application must also be <u>unreasonable</u>. *Id.* at 410-12 (emphasis supplied).

The state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1). In order to obtain *habeas* relief on the ground that the state court's decision was based on an "unreasonable

determination of the facts in light of the evidence presented in the State court proceeding," the

petitioner must rebut by clear and convincing evidence the presumption that the state court's factual

findings are correct. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir.2000).

"[U]nder the deferential standard of AEDPA, [federal courts] review only the state court's

decision, not its reasoning or written opinion, to determine whether it is contrary to or a

misapplication of clearly established federal law." *Catalan v. Cockrell*, 315 F .3d 491, 493 (5th

Cir.2002), citing  *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir.2002)(*en banc*).

### 4. Voluntary Plea

The Second Circuit Court of Appeals denied relief as follows:

The Louisiana Supreme Court adopted the federal constitutional standards set out in
*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which
requires that a guilty plea be recorded and show that defendant was informed of and
waived three specific federal constitutional rights. These rights are the privilege
against compulsory self-incrimination, the right to trial by jury, and the right to
confront one's accusers. *State v. Guzman*, 99-1753 (La.05/16/00), 769 So.2d 1158,
1163, fn. 4, citing *State ex rel. Jackson v. Henderson*, 255 So.2d 85, 260 La. 90
(1971). The Louisiana Supreme Court has reiterated that advice on sentencing is not
part of the core *Boykin* constitutional requirements. *See State v. Guzman, supra; State
v. Anderson*, 98-2977 (La.03/19/99), 732 So.2d 517; *State v. Nuccio*, 454 So.2d 93
(La.1984).

For guilty pleas entered after August 15, 1997, La. C. Cr. P. art. 556.1 indicates that
the trial court, prior to accepting a plea of guilty, should inform the defendant, *inter
alia*, of the nature of the charge(s) to which the plea is offered and the minimum and
maximum penalties provided by law. However, that article further provides that any
variance from the specified procedure that does not affect substantial rights of the
accused shall not invalidate the plea. La. C. Cr. P. art. 556.1(E); *State v. Honeycutt*,
41,601 (La.App.2d Cir.02/28/07), 953 So.2d 914; **5 (Cite as: 968 So.2d 909, *912,
42,699 (La.App. 2 Cir. 10/24/07), **5), *State v. Goins*, 40,364 (La. App.2d
Cir.01/25/06), 920 So.2d 375, *writ denied*, 06-1097 (La.11/09/06), 941 So.2d 38.

We have reviewed the guilty plea colloquy. Retained counsel represented defendant
at the guilty plea proceeding. Defendant stated that he had consulted with his attorney
about the nature and consequences of the charges and the nature and consequences

<u>of his guilty pleas. He also stated that his attorney had explained to him that a</u>
<u>pre-sentence investigation report would be ordered and that he would be sentenced</u>
<u>at a later date. In open court, the trial court thoroughly advised defendant of his</u>
<u>constitutional rights per *Boykin* and determined that defendant knowingly and</u>
<u>voluntarily waived these rights. Throughout the plea colloquy, defendant indicated</u>
<u>his willingness to plead guilty.</u>

Under the facts and circumstances of this case, we do not find that defendant's guilty pleas should be invalidated. <u>Defendant acknowledged that he had consulted with his</u> <u>attorney as to the nature and consequences of the charges and his guilty pleas prior</u> <u>to the guilty plea hearing</u>. Furthermore, by pleading guilty, defendant avoided additional sentencing exposure through dismissal of the most serious charge, aggravated kidnaping, which carries a mandatory sentence of life imprisonment at hard labor without benefit (La. R.S. 14:44), and the dismissal of other unrelated charges. Additionally, there was overwhelming evidence of defendant's guilt and participation as the trigger-man, including the victim's testimony and defendant's confession. <u>In light of the above, the trial court's failure to inform defendant of the</u> <u>mandatory minimum and maximum penalties for the offenses does not appear to</u> <u>have been a material factor impacting defendant's decision to plead guilty, and his</u> <u>substantial rights were not affected. Accordingly, we will not vacate defendant's</u> <u>guilty plea.</u>

*State of Louisiana v. Warren*, 42,699 (La.App. 2 Cir. 10/24/07), 968 So.2d 909, 911-12 (emphasis

supplied)

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, 279 (1969), which was

cited and relied upon by the Second Circuit Court of Appeals, the Court observed that a guilty plea

is more than a confession which admits that the accused did various acts, since such a plea is itself

a conviction, and nothing remains but to give judgment and determine punishment. *Id.*, at 242.

Therefore, in order to pass Constitutional muster, the guilty plea  "not only must be voluntary but

must be [a] knowing, intelligent act [ ] done with sufficient awareness of the relevant

circumstances." *Gilliard v. Scroggy*, 847 F.2d 1141, 1143 (5th Cir.1988), quoting *Grantling v.*

*Balkcom*, 632 F.2d 1261, 1264 (5th Cir.1980)(quoting *Brady v. United States*, 397 U.S. 742, 748,

90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (1970)).

In order to satisfy federal due process concerns, a State court judge, must, at minimum, inform the defendant of the critical elements of the crime to ensure that he receives " 'real notice of the true nature of the charge against him.' " *Gilliard*, at 1143, quoting *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257, 49 L.Ed.2d 108, 114 (1976). Furthermore, the State criminal defendant must also "be advised and understand the consequences of the guilty plea..."and, in order to satisfy this requirement, it must be shown that the defendant was aware of the maximum prison term for the offenses he is admitting in his plea. *Burdick v. Quarterman*, 504 F.3d 545 (5th Cir.2007), quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990). However, "... [t]he question ... is not whether [the defendant] learned of such penalty from the judge, in a formal proceeding, but whether he had knowledge as to such matter, whether from the judge, his lawyer, his bondsman, or from some other source." *Burdick, supra* at 547, quoting *Cheely v. United States*, 535 F.2d 934, 935 (5th Cir.1976) (in turn quoting *Tucker v. United States*, 409 F.2d 1291, 1295 (5th Cir.1969)).

This was clearly the finding of the Court of Appeals and, such finding is supported by the transcript of the plea colloquy. As noted by the Court of Appeals, during the plea colloquy petitioner was asked, "Prior to coming to court today and entering your plea of guilty, have you had the opportunity to consult with your attorney concerning this matter?... Has your attorney explained to you the nature and consequences of the charges themselves and nature and consequences of your plea of guilty at this time?" Petitioner, under oath, responded in the affirmative to both questions. [Doc. #4, p. 17]

As noted above, the Court of Appeals relied upon petitioner's admission that he consulted with his attorney concerning the nature and consequences of his charges and the nature and

consequences of his plea. Based upon that fact, the Court was able to conclude "...the trial court's failure to inform defendant of the mandatory minimum and maximum penalties for the offenses does not appear to have been a material factor impacting defendant's decision to plead guilty, and his substantial rights were not affected. *State of Louisiana v. Warren*, 42,699 (La.App. 2 Cir. 10/24/07), 968 So.2d 909, 911-12.

Petitioner has not shown that this finding of fact and conclusion of law were unreasonable and therefore he is not entitled to *habeas corpus* relief.  Indeed, the transcript of the plea colloquy supports the factual and legal conclusions of the Second Circuit Court of Appeals. The totality of the evidence, specifically the transcript of the plea colloquy, establishes that petitioner entered his guilty plea freely, knowingly, and voluntarily under the legal standards set forth above. Accordingly, the Second Circuit and the Supreme Court did not unreasonably apply federal law in reaching that conclusion, and this claim should therefore be dismissed with prejudice.

### Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be  **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed**

13

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, February 3, 2011.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**